UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JOHN STINCHFIELD, | ) | CASE NO. CV 16-4253-PJW |
| | ) | |
| Petitioner, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | DENYING PETITION, DISMISSING |
| v. | ) | ACTION WITH PREJUDICE, AND |
| | ) | DENYING CERTIFICATE OF |
| ROSEMARY NDOH, WARDEN, ET AL., | ) | APPEALABILITY |
| | ) | |
| Respondents. | ) | |

I.

INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons set forth below, the Petition is denied and the action is dismissed with prejudice.[1]

II.

SUMMARY OF PROCEEDINGS

A. <u>State Court Proceedings</u>

In 2014, Petitioner pleaded no contest in Santa Barbara County Superior Court to false imprisonment by threat or violence, criminal

---

[1] Rosemary Ndoh, the acting warden at the prison where Petitioner is housed, is substituted in as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

threats, and two counts of assault with a deadly weapon. (Clerk's Transcript ("CT") 206-13; Reporter's Transcript ("RT") 20-22.) Petitioner also admitted that one of the victims sustained great bodily injuries. (CT 207; RT 21-22.) As part of a negotiated plea agreement, the trial court sentenced him to eight years in prison. (CT 207, 216-17.)

Petitioner appealed to the California Court of Appeal, which affirmed his conviction and sentence.[2] (Lodged Document No. 1.) He then filed a habeas corpus petition in the Santa Barbara County Superior Court, which was denied. (*See* Docket No. 1 (Petition for Writ of Habeas Corpus), Exh. F.) Thereafter, he filed habeas corpus petitions in the California Court of Appeal and the California Supreme Court, both of which were also denied. (Lodged Document Nos. 2-5.)

B. Federal Court Proceedings

In June 2016, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus in this court, pursuant to 28 U.S.C. § 2254, raising the following claims:

1. Trial counsel was ineffective for failing to adequately prepare a defense for trial.
2. The prosecutor committed misconduct by withholding exculpatory evidence.
3. Petitioner received an unauthorized sentence due to the trial court's failure to award pre-sentence custody credits.

---

[2] Petitioner's appellate counsel filed a *Wende* brief, *see People v. Wende*, 25 Cal.3d 436, 441-42 (1976), setting forth that there were no arguable issues for appeal. (Lodged Document No. 6.) The appellate court agreed and affirmed the conviction and sentence.

4.   The trial court's failure to strike the great bodily injury
                     enhancement and award appropriate custody credits violated
                     the Eighth Amendment.
(Petition at 8-9.)

## III.

## FACTUAL SUMMARY

On November 2, 2012, Santa Barbara City police officers went to Petitioner's home to investigate a report of a domestic disturbance. After contacting Petitioner, two women ran out of the home frantically screaming. The women told the officers that Petitioner had hit them with a baseball bat numerous times, smashed their cellphones, and forced them to "masturbate him." They also reported that Petitioner threatened that if they did not comply with his demands that they would be "raped, murdered, [and] buried in the basement." One of the women had noticeable injuries on her face, including a swollen lip and eye. She told officers that Petitioner hit her 50 to 60 times with the bat all over her body.[3]

## IV.

## STANDARD OF REVIEW

The standard of review in this case is set forth in 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was

---

[3] The facts contained in the Court's factual summary were gleaned from the preliminary hearing transcript. (*See* CT 63, 65-66, 69-75, 90-104.)

| | |
|---|---|
| 1 | adjudicated on the merits in State court proceedings unless |
| 2 | the adjudication of the claim-- |
| 3 | (1) resulted in a decision that was contrary to, or |
| 4 | involved an unreasonable application of, clearly established |
| 5 | Federal law, as determined by the Supreme Court of the |
| 6 | United States; or |
| 7 | (2) resulted in a decision that was based on an |
| 8 | unreasonable determination of the facts in light of the |
| 9 | evidence presented in the State court proceeding. |

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable. *Bell v. Cone*, 535 U.S. 685, 694 (2002). To establish that the state court unreasonably applied federal law, a petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but objectively unreasonable. *Renico v. Lett*, 559 U.S. 766, 773 (2010). Where no decision of the Supreme Court has squarely decided an issue, a state court's adjudication of that issue cannot result in a decision that is contrary to, or involves an unreasonable application of, clearly established Supreme Court precedent. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner raised his claims in his habeas petitions in state court. Neither the state supreme court nor the state appellate court explained its reasons for denying them. The Santa Barbara County Superior Court, however, did. (Petition, Exh. F.) This Court

4

presumes that the state supreme court rejected Petitioner's claims for the same reasons the superior court did. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991). The Court, therefore, looks to the superior court's reasoning and will not disturb it unless it concludes that "fairminded jurists" would all agree that the decision was wrong. *Richter,* 562 U.S. at 102; *Johnson v. Williams*, 133 S. Ct. 1088, 1094 n.1 (2013) (approving reviewing court's "look through" of state supreme court's silent denial to last reasoned state-court decision); *see also Bonner v. Carey,* 425 F.3d 1145, 1148 n.13 (9th Cir. 2005) (applying *Ylst* look-through doctrine to superior court's denial of habeas petition when California Court of Appeal and California Supreme Court summarily denied subsequent petitions).[4]

V.

DISCUSSION

A. <u>Pre-Plea Claims of Error</u>

In Ground One, Petitioner contends that trial counsel was ineffective for failing to conduct a "reasonable pre-trial investigation." (Petition, Attachment A at 21.) He argues that counsel should have hired an investigator and expert witnesses to present evidence regarding Petitioner's "mental and emotional state"

---

[4] Respondent contends that part of Ground One and all of Ground Four are unexhausted. (*See* Motion to Dismiss at 4-7.) The Court disagrees. Though Petitioner's arguments in his habeas corpus petition in the California Supreme Court were not well-organized, it appears that all of the claims raised in his federal petition were mentioned in his state supreme court petition and attached exhibits. (*See* Lodged Document No. 4.) Nevertheless, even if Petitioner's claims are unexhausted, the Court has the power to proceed to the merits where it is clear that the claims are not "colorable," *see Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005); and *Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir. 2002) (holding federal habeas court must review unexhausted claim *de novo*), as is the case here.

5

after the death of his wife. (Petition, Attachment A at 21.) He also complains that counsel failed to confer with him about raising a self-defense claim and failed to obtain evidence proving that the victims did not suffer great bodily injury. (Petition, Attachment A at 21; Traverse at 4-5.) Petitioner contends that, had counsel done a better job, he would have been able to exact a better plea deal from the prosecutor. (Traverse at 5.)

Where, as here, a defendant pleads nolo contendere, he is foreclosed from raising constitutional claims that arose prior to his plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992); *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985). This bar applies to ineffective assistance of counsel claims. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992); *see also Moran v. Godinez*, 40 F.3d 1567, 1577 (9th Cir. 1994) (refusing to consider the claim that defense counsel was ineffective for failing to challenge defendant's confession because it was an "assertion of an alleged pre-plea constitutional violation"), *amended on other grounds by Moran v. Godinez*, 57 F.3d 690 (9th Cir. 1994). For that reason, Petitioner's ineffective assistance claims are denied.[5]

---

[5] Even were the Court willing to overlook that bar, the Court would still conclude that there is no merit to this claim. A defendant who pleads guilty upon the advice of counsel may attack the voluntary and intelligent nature of his plea by showing that the advice he received from counsel was not within the range of competence demanded of criminal defense attorneys and that he was prejudiced as a result. *See Premo v. Moore*, 562 U.S. 115, 123-28 (2011); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish prejudice, Petitioner would have to show that, absent the errors, he would have pleaded not guilty and would have gone to trial. *See Hill*, 474 U.S. at 57-59; *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010). Petitioner does not argue herein that he would have gone to trial. He contends,

6

In Ground Two, Petitioner claims that the prosecutor committed a *Brady* violation by failing to turn over evidence that the victims had "extensive criminal record[s]," had a history of mental and emotional problems, and were under the influence of alcohol and marijuana on the day of the incident.[6] (Petition, Attachment A at 29-30.) These claims, too, are foreclosed by *Tollett*. *See, e.g., Bashaw v. Paramo*, 2014 WL 7331938, at *10 (C.D. Cal. Dec. 18, 2014) (finding petitioner's "guilty plea bar[red] federal habeas corpus review" of alleged *Brady* violation).[7]

Even were the Court willing to consider the merits of Petitioner's *Brady* claim, it would still deny the claim because the

---

instead, that the prosecutor would have offered him a better plea deal had counsel been more effective, a deal he would have taken. (Traverse at 5.) Under these circumstances, Petitioner's ineffective assistance claims cannot survive *Tollett*. *See, e.g., Mahoney*, 611 F.3d at 992 (rejecting pre-plea ineffective assistance claim for lack of prejudice where petitioner "never denied his guilt . . . or sought to withdraw his plea").

[6] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that the prosecution's suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment.

[7] The Ninth Circuit has carved out an exception to the *Tollett* rule for *Brady* claims where there is a reasonable probability that a defendant would not have pleaded guilty had he seen the *Brady* material before the plea. *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995); *see also Smith v. Baldwin*, 510 F.3d 1127, 1148 (9th Cir. 2007) (allowing habeas petitioner to proceed on *Brady* claim despite guilty plea, finding "materiality is determined by 'whether there is a reasonable probability that but for the failure to disclose the *Brady* material, the defendant would have refused to plead and would have gone to trial'"). As explained previously, however, in Petitioner's case, he is not contending that he would have gone to trial had he seen the *Brady* material, he is arguing that he would have gotten a better plea deal, which he would have taken. (Traverse at 4, 5, 7.)

7

Santa Barbara County Superior Court's decision rejecting it was reasonable:

> In September 2008, Victim #1 pled no contest to a charge of resisting, obstructing, or delaying a peace officer and was placed on probation for one year. In December 2010, Victim #1 was charged with misdemeanor battery. The complaint was amended to add a charge of disturbing the peace by loud noise, an infraction, to which Victim #1 pled no contest. The battery charge was dismissed. In September 2012, Victim #1 was charged with: Count 1, disturbing the peace by loud noise, and Count 2, resisting/obstructing/delaying a peace officer. On October 5, 2012, Victim #1 pled no contest to Count 1. She was placed on one-year probation. Count 2 was dismissed.
>
> First, the above information is public, so it is not something the prosecution kept from [P]etitioner's counsel. None of these minor offenses are crimes of moral turpitude and none of them suggest dishonesty. If they would have been admitted at trial, they would not likely have significantly damaged Victim #1's credibility. Importantly, Victim #2 was present for all of the events for which Victim #1 was present. Victim #2's testimony would have corroborated Victim #1's testimony. Petitioner suggests no impeachment evidence with respect to Victim #2. The court finds the information regarding Victim #1's criminal record immaterial.
>
> Petitioner also mentions that both victims used alcohol and possibly marijuana. This is information he had [at] the

> time of his plea and is not something the prosecutor
> withheld. Petitioner states no facts indicating that the
> victims were under the influence of alcohol or marijuana to
> the extent that they could not remember or accurately
> recount the events relating to [P]etitioner's crime.
> Petitioner also provides a copy of an interview his
> counsel's investigator conducted (before the plea) with a
> person who shared a residence with Victim #1. This
> individual described Victim #1 as "nuts" and said she had a
> "hair trigger temper." He said that Victim #1 did not pay
> rent as promised and things began to go missing when she
> lived there. Again, this is not information that was
> withheld from [P]etitioner and it is unlikely it would be
> admitted at trial as speculative and lacking foundation.

(Petition, Exh. F at 4-5 (internal citations omitted.)

The Court agrees that there was no *Brady* violation. First, the Supreme Court has never held that *Brady* requires the disclosure of impeachment evidence prior to a defendant's guilty plea. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002). Second, as the state court noted, much of the alleged impeachment evidence was either known by Petitioner's counsel or publically available for counsel to obtain. *See Williams v. Lambert*, 340 Fed. Appx. 364, 365 (9th Cir. 2009) (finding no *Brady* violation where "alleged recanted testimony was known by the defense during the trial court proceedings"); *Owens v. Guida*, 549 F.3d 399, 418 (6th Cir. 2008) (noting state courts do not unreasonably apply *Brady* when "the information not disclosed could have been deduced by looking at public records"). Third, the alleged impeachment evidence was not material, as it is not reasonably

9

probable that, had the prosecution disclosed it, Petitioner would have elected to go to trial in the face of compelling evidence establishing his guilt. *See Baldwin*, 510 F.3d at 1148 (rejecting *Brady* claim because evidence was not material as it was "not reasonably probable" that timely disclosure "would have influenced [defendant's] decision to plead no contest rather than proceed to trial"). For all these reasons, Petitioner's *Brady* claim is denied.

B.  Sentencing Error

In Ground Three, Petitioner claims that he was entitled to additional pre-sentence custody credits under California Penal Code § 4019. (Petition, Attachment A at 32-34.) In general, a claim of state sentencing error is not cognizable in federal habeas corpus proceedings. *See Lewis v. Jeffers*, 497 U.S. 764, 783 (1990). Though there is an exception to this general rule for claims grounded in alleged due process violations, *see Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980), Petitioner has not established a violation here. At sentencing, Petitioner was awarded 523 actual credits, plus 80 conduct credits, for a total of 603 credits. (*See* Petition, Exh. D.) He claims that he should have been awarded 1046 conduct credits under California Penal Code § 4019, which provides for four days of credit for every two days spent in pre-sentence custody. Petitioner is mistaken. California Penal Code § 2933.1 limits the amount of credits to 15 percent of pre-sentence custody in cases involving violent felonies, including assault with a deadly weapon causing great bodily injury. *See* California Penal Code §§ 667.5(c)(8) & 2933.1. In fact, Petitioner's plea agreement specifically provided that he would actually "serve 85% of [his] prison sentence." (CT 207.) Thus, Petitioner has not shown that he is entitled to additional custody

credits under California law.  More importantly, he makes no credible argument that he has been arbitrarily deprived of a state law entitlement for which he should be granted habeas relief. Accordingly, this claim is denied.

C.  <u>Eighth Amendment Violation</u>

In Ground Four, Petitioner contends that his eight-year sentence is "disproportionate" to his crimes and violates the Eighth Amendment. (Petition, Attachment A at 35-36.)  He argues that the evidence does not support a finding that he caused great bodily injury to a victim in the attack.  (Petition, Attachment A at 35-36.)  There is no merit to either contention.

Petitioner pleaded guilty and admitted that he caused great bodily injury to one of the victims.  (CT 206-07; RT 21-22.)  He is, therefore, foreclosed from contesting the sufficiency of the evidence regarding the extent of the injuries that she suffered. *See, e.g., Walker v. Lattimore*, 2010 WL 4392541, at *4 (S.D. Cal. Oct. 27, 2010) ("Petitioner pled guilty, and she may not now challenge the sufficiency of the evidence to support her convictions."). Petitioner argues that a doctor evaluated the medical reports and concluded that the victim did not suffer great bodily injury.  This claim was rejected by the Santa Barbara County Superior Court:

> Petitioner relies on the March 20, 2014 report of Ryan O'Connor, M.D.  Dr. O'Connor reviewed medical records of the two victims and summarized their injuries.  Petitioner admitted the GBI enhancement as to Victim #1 only.  Victim #1 suffered bruising to the right eye; bruising to the right forearm; bruising to bilateral thighs, with a large bruise on the right thigh; diffuse tenderness of the cervical spine

(neck), left lower rib tenderness, and swelling of the right
cheek and forehead.  She was discharged with a prescription
for pain medication and a diagnosis of "closed head injury -
minor."  The hospital records also reflect she presented
with musculoskeletal pains and a cervical collar was
applied.  Dr. O'Connor opines that the injuries do not meet
the definition of GBI.

GBI means a significant or substantial physical injury.
Penal Code 12022.7(f).  Under California case law "some
physical pain or damage, such as lacerations, bruises, or
abrasions is sufficient for a finding of 'great bodily
injury.'" *People v. Washington*, 210 Cal. App.4th 1042, 1047
(2012).  Multiple contusions over various portions of a
victim's body and swelling constitute GBI.  *People v.
Jaramillo*, 98 Cal. App.3d 830, 836 (1979).

Dr. O'Connor is not a legal expert and he does not
state the definition of GBI he used in reaching his
conclusion.  Victim #1's injuries consist of bruises on her
head, arm and thighs.  She had swelling of her cheek and
forehead and tenderness in her neck and ribs.  The record of
the underlying case (Case No. 1424616) includes the People's
exhibit list, which included photos of these injuries and
also contusions of the left buttocks, right knee, upper
right arm, and back as well as a cut lower lip.  Under
California law, those injuries are sufficient to warrant a
finding of GBI.

(Petition, Exh. F at 2-3.)

Finally, as a general matter, the Eighth Amendment only prohibits sentences that are disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 303 (1983). Petitioner has in no way demonstrated that his eight-year sentence was "grossly disproportionate" to his conduct here. *See Ewing v. California*, 538 U.S. 11 (2003) (finding 25-years-to-life sentence for stealing three golf clubs was not cruel and unusual for defendant with multiple priors). Accordingly, his claim that his eight-year sentence violated the Eighth Amendment's prohibition of cruel and unusual punishment is denied.

VI.

CONCLUSION

The Petition is denied and the action is dismissed with prejudice. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of appealability. See 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* Fed. R. App. P. 22(b). IT IS SO ORDERED.

DATED: August 14, 2017.

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\STINCHFIELD, M 4253\Memo Opinion.wpd